UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAMON THOMAS | CIVIL ACTION |
| v. | NO. 14-1171 |
| IVY MORRIS, ARDC SUPERVISOR, AND<br>ROBERT C. TANNER, CCE WARDEN | SECTION "F" |

ORDER AND REASONS

Before the Court is a petition pursuant to 28 U.S.C. § 2241 by Damon Thomas, Louisiana state prisoner #331112, challenging the constitutionality of his confinement.  Specifically, he contends that the state authorities miscalculated his credit for time served and that he will spend extra time in prison.  For the reasons that follow, the petition is DENIED.

Background

Thomas is currently incarcerated following his convictions in Orleans Parish court for six drug offenses.  Asserting that the Louisiana Department of Public Safety and Corrections miscalculated his time served credits in setting his full-term release date, Thomas sought both administrative and judicial remedies at the state level, which were unsuccessful.  The State acknowledges that Thomas has fully and properly exhausted his state remedies.

Thomas's six sentences were all imposed on July 7, 2008, to

1

run concurrently.  Of the six sentences, four of them are for 10 years imprisonment.  Because of the different arrest dates in each separate case, Thomas served 82 days on one of the ten-year sentences, four days on another, and 361 days on the remaining two ten-year sentences, for a total of 447 days.  Pursuant to state law, Thomas's credit for time served was calculated separately for each offense.  Case number 471-638, for which Thomas received a 10-year sentence and only fours days of credit for time served, controls the scheduled release date.

After exhausting administrative and state court remedies, Thomas filed a petition under 28 U.S.C. § 2241 to have his sentence corrected.  Thomas contends that his full-term release date, which is currently set for July 2, 2018, should be April 16, 2017, instead.  He submits that the entire 447 days should be applied to his sentence as a whole.  The State, after first misconstruing Thomas's petition as one under 28 U.S.C. § 2254, filed a supplemental response and contends that the sentence was calculated correctly pursuant to Louisiana Code of Criminal Procedure article 880.  It also submits that his claim is not cognizable under federal habeas law.

## I. Cognizability

Under 28 U.S.C. § 2241, a writ of habeas corpus extends to a prisoner if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Federal habeas law is well settled that claims of error in the application of state law do not assert a claim cognizable in federal habeas proceedings. Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)) (finding federal habeas review does not lie for errors of state law); Engle v. Isaac, 456 U.S. 107, 119 (1982) ("Insofar as respondents simply challenge . . . [the application of state] law, they allege no deprivation of federal rights and may not obtain habeas relief." (alteration added)); Young v. Dretke, 356 F.3d 616, 628 (5th Cir. 2004).  In the course of reviewing state criminal proceedings, a federal court does "not sit as a super state supreme court to review error under state law."  Wood v. Quarterman, 503 F.3d 408, 414 (5th Cir. 2007); Skillern v. Estelle, 720 F.2d 839, 852 (5th Cir. 1983). More specifically, a state's failure to follow its own sentencing procedures is not reviewable by a federal habeas corpus court. Joseph v. Butler, 838 F.2d 786, 789 n.2 (5th Cir. 1988); Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987).

Furthermore, to obtain federal habeas corpus relief, a petitioner must show that he has been deprived of some right secured by the United States Constitution or other federal law. Teague v. Quarterman, 482 F.3d 769, 773 (5th Cir. 2007).  There is no federal constitutional right to credit for time served before sentencing unless a prisoner's indigence prevents her from making bond and she receives a maximum possible sentence for her crime.

3

Jones v. Johnson, 234 F.3d 29 (5th Cir. 2000); Matthews v. Dees, 579 F.2d 929, 931 (5th Cir. 1978); Jackson v. Alabama, 530 F.2d 1231, 1236 (5th Cir. 1976); Gremillion v. Henderson, 425 F.2d 1293 (5th Cir. 1970); Franks v. Thaler, No. 11-CA-1059, 2013 WL 1089034, at *4 (W.D. Tex. Mar. 14, 2013).

Here, Thomas has no constitutional right to credit to time served, and he is not currently serving his alleged excess time. The Court thus agrees with the State's contention that his claim is not cognizable.

## II. Calculating Credit for Time Served

The State submits, in the alternative, that even if Thomas's claim were cognizable under federal habeas law, it would nonetheless fail because his credit for time served was calculated correctly under Louisiana law.  Louisiana Code of Criminal Procedure article 880 instructs that "[a] defendant shall not receive overlapping jail credit, except in the instance of concurrent sentences and then only for time spent in jail on the instant felony."  Thomas argues that he is entitled to precisely what article 880 prohibits: the application of time-served credits on one arrest across all simultaneous pretrial incarcerations. Thomas was only incarcerated in relation to case number 471-638, the case that controls his release date, for four days.  The 361 days he served on a different felony do not apply to that case.  It is plainly evident from the record that Thomas received the

4

appropriate credit for time served under Louisiana law.

Accordingly, for the foregoing reasons, IT IS ORDERED that Thomas's petition under 28 U.S.C. § 2241 is hereby DENIED.

New Orleans, Louisiana, June 1, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE